1
2
3
4
5
6
7
8         **UNITED STATES DISTRICT COURT**
9         **CENTRAL DISTRICT OF CALIFORNIA**
10         **WESTERN DIVISION**
11

| | |
|---|---|
| 12 ROBERT JOHN GARCIA,        ) | No. CV 20-08529-VBF (PLA) |
| 13         Petitioner,   ) | |
| 14         v.         ) | **ORDER TO SHOW CAUSE RE: DISMISSAL** |
| 15 THE BPH BOARD OF PAROLE   ) | **OF HABEAS PETITION** |
| HEARINGS, <u>et al.</u>,       ) | |
| 16         Respondents.   ) | |
| 17 _____) | |

18      Robert John Garcia ("petitioner") initiated this action on September 15, 2020, by filing a

19 Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254

20 ("Petition"). (ECF No. 1). Petitioner is currently in custody pursuant to his 1973 conviction for first-

21 and second-degree murder (Cal. Penal Code § 187).

22      Liberally construed, several of petitioner's claims in the Petition appear to attack his 1973

23 conviction, while other claims appear to challenge a parole denial. Although petitioner's

24 allegations are to some extent unintelligible, the Court discerns the following claims: (1) the

25 prosecutor suppressed exculpatory evidence (ECF No. 1 at 26); (2) the trial court interfered with

26 the jury's deliberations (<u>id.</u> at 28); (3) petitioner was prosecuted again for the same offense after

27 a mistrial (<u>id.</u>); (4) petitioner is suitable for parole as he no longer poses an unreasonable risk of

28 threat to society if released (<u>id.</u> at 29); (5) the Board of Parole Hearings ("BPH") holds "scam"

1  proceedings, and has violated the California constitution (id. at 30); and (6) the BPH has exhibited
2  bias against petitioner during his parole hearings (id. at 32).

3       As explained in more detail below, it appears that the Petition is subject to dismissal, as it
4  contains claims that are either barred as successive or are not cognizable on federal habeas
5  review.

6

7  **A.    SUCCESSIVE CLAIMS**

8       The Court notes that in 2018, in Case No. CV 18-03864-VBF (PLA), petitioner filed a
9  petition challenging his 1973 conviction ("2018 Petition").  On May 18, 2018, the 2018 Petition was
10 dismissed without prejudice as successive.  (Case No. CV 18-03864-VBF (PLA), ECF Nos. 1, 3).
11 In the Order dismissing the 2018 Petition, the District Judge observed that petitioner had filed at least
12 twenty-four prior habeas petitions in this Court in the following cases:

13       • Case No. CV 78-02414-LEW (T)

14       • Case No. CV 82-03612-LEW (T)

15       • Case No. CV 82-05235-LEW (T)

16       • Case No. CV 88-05459-RMT (T)

17       • Case No. CV 88-07657-RSWL (T)

18       • Case No. CV 90-04615-MRP (T)

19       • Case No. CV 93-00493-MRP (T)

20       • Case No. CV 99-10514-MRP (T)

21       • Case No. CV 99-13573-MRP (CT)

22       • Case No. CV 00-00812-AHM (CT)

23       • Case No. CV 00-02681-R (CT)

24       • Case No. CV 00-04247-R (CT) (dismissed as successive)

25       • Case No. CV 01-06503-HLH (CT)

26       • Case No. CV 02-04205-AHS (CT) (dismissed as successive)

27       • Case No. CV 02-04413-AHS (CT) (dismissed as successive)

28       • Case No. CV 07-07459-AHS (CT)

1    • Case No. CV 11-07300-AHS (PLA)

2    • Case No. CV 12-00869-AHS (PLA)

3    • Case No. CV 13-07306-AHS (PLA)

4    • Case No. CV 14-04224-VBF (PLA) (dismissed as successive)

5    • Case No. CV 17-02705-VBF (PLA) (dismissed as successive)

6    • Case No. CV 17-06402-VBF (PLA) (dismissed as successive)

7    • Case No. CV 17-07952-VBF (PLA) (dismissed as successive).

8    (See CV 18-03864, ECF No. 3 at 2-3).

9        Based on this history of habeas filings, it appears that petitioner's first petition attacking his

10   1973 conviction was filed in 1978 in Case No. CV 78-02414-LEW (T) ("1978 Petition"), and was

11   denied on the merits.  (See Case No. CV 00-04247-R (CT), ECF No. 3).  Years later, his petition in

12   Case No. CV 00-04247-R (CT) was dismissed on April 25, 2000, as successive.  (See Case No. CV

13   00-04247-R (CT), ECF Nos. 3, 4).  Likewise, his petitions in Case No. CV 02-04205-AHS (CT) and

14   Case No. CV 02-04413-AHS (CT) were also dismissed as successive, as were subsequent petitions

15   filed in 2014, 2017, and 2018.

16       A federal habeas petition is successive if it raises claims that were or could have been

17   adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th

18   Cir. 2001) (per curiam).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

19   provides that a claim presented in a second or successive federal habeas petition that was not

20   presented in a prior petition shall be dismissed unless:

21                (A) the applicant shows that the claim relies on a new rule of
                   constitutional law, made retroactive to cases on collateral review by
22                 the Supreme Court, that was previously unavailable; or

23                (B)(i) the factual predicate for the claim could not have been
                   discovered previously through the exercise of due diligence; and
24

25                (ii) the facts underlying the claim, if proven and viewed in light of the
                   evidence as a whole, would be sufficient to establish by clear and
26                 convincing evidence that, but for constitutional error, no reasonable
                   factfinder would have found the applicant guilty of the underlying
27                 offense.

28   28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As discussed above, the 1978 Petition challenged petitioner's 1973 conviction and was dismissed on the merits.  Over a span of eighteen years, from 2000 to 2018, petitioner filed at least eight additional petitions that attacked the same conviction and were dismissed as successive (i.e., petitions filed in 2000, 2002, 2014, 2017, and 2018).  Given these circumstances, it appears that the instant Petition, to the extent it challenges the 1973 conviction, is also successive.

Based on petitioner's allegations in the instant Petition, it does not appear that he satisfies any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B).  Even if he were able to qualify under § 2244(b)(2)(A) or (B), however, he would still be required to request *and obtain* authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition).  Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, it appears that the Court is without jurisdiction to entertain the successive claims in the instant Petition.[1]  See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

---

[1]  As petitioner has been repeatedly advised, if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus.  He should not file an amended petition in this action or use the case number from this action.  If petitioner files a new petition, the Court will give that petition a new case number.

1  **B.   PAROLE CLAIMS**

2           As mentioned <u>supra</u>, petitioner also asserts in the Petition that he is suitable for release on

3  parole, but that the BPH is biased against him and has held "scam" parole proceedings.  (See ECF

4  No. 1 at 29-30, 32).   Although petitioner fails to identify a particular parole decision he is

5  challenging, to the extent he seeks to attack a parole denial on the grounds the BPH was biased

6  and/or made an unsuitability finding that was not supported by the evidence, such claims are

7  foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct. 859,

8  178 L.Ed.2d 732 (2011).   There, the Court explained that a federal habeas court's inquiry into a

9  parole denial is limited to determining whether the following procedural safeguards, as set forth

10  in Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d

11  668 (1979), were satisfied:  that the prisoner "was allowed an opportunity to be heard and was

12  provided a statement of the reasons why parole was denied."  Cooke, 562 U.S. at 220 (citing

13  Greenholtz, 442 U.S. at 16).

14           Cooke was "unequivocal in holding that if an inmate seeking parole [received the

15  safeguards under Greenholtz], that should be the beginning and the end of the inquiry into whether

16  the inmate received due process."   Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011)

17  (quoting Cooke, 562 U.S. at 220) (internal quotations, alterations, and ellipsis omitted).  Here, it

18  does not appear that petitioner alleges he was in any way deprived of the opportunity to speak at

19  his parole hearing and contest the evidence against him, or that he was not notified of the reasons

20  why parole was denied.  Under Cooke, the Court lacks the authority to evaluate claims that exceed

21  the scope of these minimal due process protections.  Accordingly, to the extent petitioner contends

22  the BPH was biased against him and wrongly found him unsuitable for parole, his claims are not

23  cognizable and cannot be considered on federal habeas review.

24

25  **C.   CONCLUSION**

26           Based on the above, petitioner is **ordered to show cause** why his Petition for Writ of

27  Habeas Corpus should not be dismissed.  To satisfy this Order to Show Cause, **no later than**

28

1    **October 21, 2020**, petitioner must submit to the Court a response making clear his arguments,

2    if any, as to why the Petition should not be dismissed (1) as successive, and/or (2) as not

3    cognizable.  Additionally, with respect to petitioner's parole claims, petitioner in his response must

4    identify the specific parole decision he is challenging in this Petition by providing, at a minimum,

5    the date of the parole hearing, the date of the parole denial, and copies of any documents

6    available to petitioner that concern the challenged hearing and denial.

7          Alternatively, if petitioner agrees that the Petition should be dismissed without prejudice for

8    the reasons discussed above, he may file a notice of voluntary dismissal pursuant to Federal Rule

9    of Civil Procedure 41(a)(1) ("Rule 41").  Rule 41 allows for the voluntary dismissal of an action by

10   a petitioner[2] without prejudice and without a court order before the opposing party serves either

11   an answer or a motion for summary judgment.    Fed. R. Civ. P. 41(a)(1);  Hamilton v.

12   Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987).  Respondent has not

13   yet appeared in this action.  The Court clerk is directed to send petitioner a copy of a blank Central

14   District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)"

15   along with this Order to Show Cause.

16   /

17   /

18   /

19   /

20   /

21   _____

22   [2]    Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent

23   with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure

24   may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases).  The Rules Governing Section 2254 Cases do not contain a specific

25   provision addressing voluntary dismissals.  See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition);

26   Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL

27   21767470, at *1 (N.D. Cal. July 23, 2003).  Thus, Rule 41, which otherwise governs such

28   dismissals, is applicable to this habeas action.

1       **Failure to respond by October 21, 2020, will result in the Petition being summarily**

2   **dismissed for the reasons set forth above, and for failure to prosecute and follow court**

3   **orders.**

4

5   DATED:  September 22, 2020

6                                                                          PAUL L. ABRAMS
                                                          UNITED STATES MAGISTRATE JUDGE

7