JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ROBERT JOHN GARCIA, | No. CV 20-08529-VBF (PLA) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION** |
| THE (BPH) BOARD OF PAROLE HEARINGS, <u>et al.</u>, | |
| Respondents. | |

**I**

## BACKGROUND

Robert John Garcia ("petitioner") initiated this action on September 15, 2020, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner is currently in custody pursuant to his 1973 conviction for first- and second-degree murder (Cal. Penal Code § 187). (ECF No. 1).

After reviewing the Petition, the Magistrate Judge issued an Order to Show Cause ("OSC") on September 22, 2020. (ECF No. 4). In the OSC, the Magistrate Judge observed that, although petitioner's allegations in the Petition were to some extent unintelligible, several of petitioner's claims appear to attack his 1973 conviction, while other claims appear to challenge a parole denial. In particular, the Magistrate Judge discerned the following claims: (1) the prosecutor

1    suppressed exculpatory evidence (ECF No. 1 at 26); (2) the trial court interfered with the jury's

2    deliberations (id. at 28); (3) petitioner was prosecuted again for the same offense after a mistrial

3    (id.); (4) petitioner is suitable for parole as he no longer poses an unreasonable risk of threat to

4    society if released (id. at 29); (5) the Board of Parole Hearings ("BPH") holds "scam" proceedings,

5    and has violated the California constitution (id. at 30); and (6) the BPH has exhibited bias against

6    petitioner during his parole hearings (id. at 32).  After noting petitioner's history of prior federal

7    habeas filings, the Magistrate Judge ordered petitioner to show cause why the Petition should not

8    be dismissed because it contains claims that are either successive or are not cognizable on

9    federal habeas review.  (ECF No. 4).

10         On October 8, 2020, the Court received a filing from petitioner that is construed as his

11    response to the OSC.[1]  (ECF No. 5).  The Magistrate Judge subsequently discharged the OSC.

12    (ECF No. 6).

13

14    **II**

15    **DISCUSSION**

16    **A.**    **SUCCESSIVE CLAIMS**

17         As noted in the OSC, petitioner has filed at least twenty-five habeas petitions in this Court, and

18    eight of those cases were dismissed as successive:

19        • Case No. CV 78-02414-LEW (T)

20        • Case No. CV 82-03612-LEW (T)

21        • Case No. CV 82-05235-LEW (T)

22        • Case No. CV 88-05459-RMT (T)

23        • Case No. CV 88-07657-RSWL (T)

24        • Case No. CV 90-04615-MRP (T)

25        • Case No. CV 93-00493-MRP (T)

26

27    [1]    Petitioner labeled this filing as a notice of appeal.  However, because a notice of appeal would be premature as judgment has not yet been entered in this matter, and because the filing

28    addresses the issues raised in the OSC, the Court construes petitioner's filing as his response to the OSC.

1    • Case No. CV 99-10514-MRP (T)

2    • Case No. CV 99-13573-MRP (CT)

3    • Case No. CV 00-00812-AHM (CT)

4    • Case No. CV 00-02681-R (CT)

5    • Case No. CV 00-04247-R (CT) (dismissed as successive)

6    • Case No. CV 01-06503-HLH (CT)

7    • Case No. CV 02-04205-AHS (CT) (dismissed as successive)

8    • Case No. CV 02-04413-AHS (CT) (dismissed as successive)

9    • Case No. CV 07-07459-AHS (CT)

10   • Case No. CV 11-07300-AHS (PLA)

11   • Case No. CV 12-00869-AHS (PLA)

12   • Case No. CV 13-07306-AHS (PLA)

13   • Case No. CV 14-04224-VBF (PLA) (dismissed as successive)

14   • Case No. CV 17-02705-VBF (PLA) (dismissed as successive)

15   • Case No. CV 17-06402-VBF (PLA) (dismissed as successive)

16   • Case No. CV 17-07952-VBF (PLA) (dismissed as successive)

17   • Case No. CV 18-03864-VBF (PLA) (dismissed as successive).

18   (See ECF No. 4 at 2-3; see also Case No. CV 18-03864, ECF No. 3 at 2-3).

19       Petitioner's first petition attacking his 1973 conviction was filed in 1978 in Case No. CV

20   78-02414-LEW (T) ("1978 Petition"), and was denied on the merits.  (See Case No. CV 00-04247-R

21   (CT), ECF No. 3).  Years later, his petition in Case No. CV 00-04247-R (CT) was dismissed on April

22   25, 2000, as successive.  (See Case No. CV 00-04247-R (CT), ECF Nos. 3, 4).  Likewise, his

23   petitions in Case No. CV 02-04205-AHS (CT) and Case No. CV 02-04413-AHS (CT) were also

24   dismissed as successive, as were subsequent petitions filed in 2014, 2017, and 2018.

25       A federal habeas petition is successive if it raises claims that were or could have been

26   adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th

27   Cir. 2001) (per curiam).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

28

1  provides that a claim presented in a second or successive federal habeas petition that was not

2  presented in a prior petition shall be dismissed unless:

3      (A) the applicant shows that the claim relies on a new rule of
       constitutional law, made retroactive to cases on collateral review by
4      the Supreme Court, that was previously unavailable; or
       (B)(i) the factual predicate for the claim could not have been
5      discovered previously through the exercise of due diligence; and

6      (ii) the facts underlying the claim, if proven and viewed in light of the
       evidence as a whole, would be sufficient to establish by clear and
7      convincing evidence that, but for constitutional error, no reasonable
       factfinder would have found the applicant guilty of the underlying
8      offense.

9  28 U.S.C. § 2244(b)(2)(A), (B).

10      Furthermore, "[b]efore a second or successive application . . . is filed in the district court,

11  the applicant shall move in the appropriate court of appeals for an order authorizing the district

12  court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

13      As noted above, the 1978 Petition challenged petitioner's 1973 conviction and was

14  dismissed on the merits. Over a span of eighteen years, from 2000 to 2018, petitioner filed at

15  least eight additional petitions that attacked the same conviction and were dismissed as

16  successive (i.e., petitions filed in 2000, 2002, 2014, 2017, and 2018). Given these circumstances,

17  the Court finds that the instant Petition, to the extent it challenges the 1973 conviction, is also

18  successive. Petitioner's response to the OSC contains no allegations or evidence to overcome

19  this finding.

20      Based on petitioner's contentions in the instant Petition, there is no indication that he

21  satisfies any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B). Even if he were able to

22  qualify under § 2244(b)(2)(A) or (B), however, he would still be required to request *and obtain*

23  authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A);

24  Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires

25  petitioner to receive authorization from the court of appeals before filing a second habeas petition).

26  Because there is no showing that petitioner has obtained such authorization from the Ninth Circuit,

27

28

1    the Court is without jurisdiction to entertain the successive claims in the instant Petition.[2]  See Burton,

2    549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not,

3    in the absence of proper authorization from the court of appeals, consider a second or successive

4    habeas application.'").

5    **B.    PAROLE CLAIMS**

6         Petitioner also asserts in the Petition that he is suitable for release on parole, but that the

7    BPH is biased against him and has held "scam" parole proceedings.  (See ECF No. 1 at 29-30,

8    32).  Petitioner fails to identify a particular parole decision he is challenging.  In his response to

9    the OSC, instead of following the directions of the Magistrate Judge and clarifying which, if any,

10   parole denial he disputes, petitioner states that "he has been continuously . . . denied . . . Parole

11   since he was received by the . . . California Department of Corrections . . . on November 3, 1973."

12   (ECF No. 5 at 2).

13        To the extent petitioner seeks to attack any parole denial on the grounds the BPH was

14   biased and/or made an unsuitability finding that was not supported by the evidence, such claims

15   are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct.

16   859, 178 L.Ed.2d 732 (2011).  There, the Court explained that a federal habeas court's inquiry into

17   a parole denial is limited to determining whether the following procedural safeguards, as set forth

18   in Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d

19   668 (1979), were satisfied:  that the prisoner "was allowed an opportunity to be heard and was

20

21

---

22        [2]   As petitioner has been repeatedly advised, if he wishes to make a
23   successive habeas application, he must file a "Motion for Order Authorizing District Court
     to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly
24   with the Ninth Circuit Court of Appeals.  Until the Ninth Circuit issues such an order, any
     direct or implied request for a second or successive petition for writ of habeas corpus is
25   barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek
     authorization from the Ninth Circuit to file the petition.
26        If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a
     successive petition, he should file a new petition for writ of habeas corpus.  He should not
27   file an amended petition in this action or use the case number from this action.  If petitioner
28   files a new petition, the Court will give that petition a new case number.

1   provided a statement of the reasons why parole was denied." <u>Cooke</u>, 562 U.S. at 220 (<u>citing</u>

2   <u>Greenholtz</u>, 442 U.S. at 16).

3        <u>Cooke</u> was "unequivocal in holding that if an inmate seeking parole [received the

4   safeguards under <u>Greenholtz</u>], that should be the beginning and the end of the inquiry into

5   whether the inmate received due process." <u>Pearson v. Muntz</u>, 639 F.3d 1185, 1191 (9th Cir.

6   2011) (quoting <u>Cooke</u>, 562 U.S. at 220) (internal quotations, alterations, and ellipsis omitted).

7   Here, petitioner does not allege that, for any parole hearing, he was in any way deprived of the

8   opportunity to speak and contest the evidence against him, or that he was not notified of the

9   reasons why parole was denied.  Under <u>Cooke</u>, the Court lacks the authority to evaluate claims

10   that exceed the scope of these minimal due process protections.  Accordingly, petitioner's

11   purported parole claims are not cognizable and cannot be considered on federal habeas review.

12

13                            **III**

14               **<u>CERTIFICATE OF APPEALABILITY</u>**

15        Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a

16   certificate of appealability ("COA") when entering a final order adverse to the petitioner.  <u>See also</u>

17   28 U.S.C. § 2253(c).

18        A petitioner may not appeal a final order in a federal habeas corpus proceeding without

19   first obtaining a COA.  <u>See</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A COA may issue "only

20   if . . . [there is] a substantial showing of the denial of a constitutional right."  28 U.S.C. §

21   2253(c)(2).  A "substantial showing . . . includes showing that reasonable jurists could debate

22   whether (or, for that matter, agree that) the petition should have been resolved in a different

23   manner or that the issues presented were 'adequate to deserve encouragement to proceed

24   further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation

25   omitted); <u>see also</u> <u>Sassounian v. Roe</u>, 230 F.3d 1097, 1101 (9th Cir. 2000).  Thus, "[w]here a

26   district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must

27   demonstrate that reasonable jurists would find the district court's assessment of the constitutional

28

claims debatable or wrong." <u>Slack</u>, 529 U.S. at 484.  Additionally, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> at 484.

The Court concludes that, for the reasons set forth <u>supra</u>, jurists of reason would agree that the Petition should be dismissed because it contains claims that are either successive or that are not cognizable on federal habeas review.  Accordingly, a certificate of appealability is **denied**. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the Ninth Circuit Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure.  <u>See</u> Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## IV

## <u>ORDER</u>

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** to the extent it contains claims that are successive, and **with prejudice** to the extent it contains claims that are not cognizable on federal habeas review.  A certificate of appealability is also **denied**.

DATED:  November 16, 2020                                  /s/ Valerie Baker Fairbank

_____

HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE